**PHILADELPHIA MACARONI CO.**

v.

**UNITED STATES of America.**

**Civ. No. 17978.**

United States District Court
E. D. Pennsylvania.

Jan. 22, 1960.

Folz, Bard, Kamsler, Goodis & Greenfield, Philadelphia, Pa., for plaintiff.

Harold K. Wood, U. S. Atty., Eastern District of Pennsylvania, Philadelphia, Pa., for defendant.

WATSON, Senior District Judge.

This is an action for refund of Federal Excess Profits Tax for the calendar year 1945. The case was submitted to the Court on a stipulation of facts which the Court will adopt. The stipulation which is a part of the record in this action contains various exhibits which the parties have agreed are factual. However, since the exhibits are evidentiary in nature, copies of them will not be included in this opinion even though the Court has retained in the Findings of Fact references to such exhibits.

Findings of Fact

1. This is an action of a civil nature that arises under the laws of the United States, particularly section 1346(a) (1), United States Code, Title 28, and the internal revenue laws of the United States.

2. Plaintiff is a Pennsylvania corporation with its principal office at 11th and Catherine Streets, Philadelphia, Pennsylvania.

3. (a). On or about March 15, 1946, plaintiff filed its Federal income tax return for the calendar year 1945 on Treasury Department form 1120 with the Collector of Internal Revenue for the First District of Pennsylvania, at Philadelphia. That return disclosed an adjusted net income of $35,298.36, from which there was deducted (pursuant to the provisions of Section 26(e) of the Internal Revenue Code of 1939, Revenue Act 1942, § 105 (d) as amended Act 1943, § 202(c), 26 U.S.C.A. Int.Rev.Act) the sum of $13,821.42, representing the adjusted excess-profits net income, which left a balance of $21,476.94 as plaintiff's normal-tax net income, and disclosed an income-tax liability of $5,728.31 which the plaintiff paid in two installments in the amounts and on the dates shown below, to wit:

| Amount of Installment | Date Paid |
|---|---|
| $2,954.52 | 3/15/46 |
| 2,773.79 | 7/15/46 |
| Total $5,728.31 | |

(b). On or about March 15, 1946, plaintiff filed with the same Collector of Internal Revenue its Federal excess-profits tax return for the calendar year 1945, on Treasury Department form 1121. That return showed an excess profits net income of $37,033.07; a specific exemption of $10,000 and an excess profits credit (based on invested capital) of $13,211.65, both of which amounts were deducted from the excess profits net income of $37,033.07; leaving a balance of $13,821.42 as plaintiff's adjusted excess profits net income; and an excess profits tax liability of $11,817.31; which was paid in four installments in the amounts and on the dates shown below, to wit:

| Amount of Installment | Date Paid |
|---|---|
| $ 1,432.31 | 3/15/46 |
| 3,500.00 | 7/12/46 |
| 3,442.50 | 10/11/46 |
| 3,442.50 | 12/2/746 |
| Total $11,817.31 | |

4. As the result of an investigation and audit of plaintiff's income and excess profits tax returns for the calendar year 1945 by an internal revenue agent in August, 1948, plaintiff's income subject to both taxes was adjusted. A copy of the internal revenue agent's report is marked Exhibit 1–A and made a part hereof. These adjustments resulted in an overassessment of income tax in the amount of $106.70; and a deficiency in excess profits tax in the amount of $23,058.10 which latter amount, together with interest thereon in the sum of $3,434.39, making a total of excess profits tax and interest of $26,492.49, was assessed in October 1948 by the Commissioner of Internal Revenue. This sum was paid by the plaintiff in twenty-seven installments in the amounts and on the dates set forth in the certificate of the District Director of Internal Revenue, dated May 9, 1957, a copy of which is annexed hereto as Exhibit 1 and made a part hereof. The sum of $20,329.99 of these payments was paid after December 10, 1949; i. e., within two years prior to December 10, 1951, the date upon which the plaintiff filed its claim for refund upon which this suit is predicated.

5. On December 10, 1951, plaintiff filed with the then Collector of Internal Revenue for the First District of Pennsylvania a claim for refund of an alleged overpayment of excess profits tax in the amount of $23,898.92 for the calendar year 1945, an unexecuted copy of which is annexed to the complaint herein and marked Exhibit B for identification.

6. On August 18, 1952, plaintiff filed with the same Collector of Internal Revenue another claim for refund of excess profits tax in the amount of $11,668.38 for the calendar year 1945, a copy of which is marked Exhibit 2 and made a part hereof.

7. Plaintiff's claims for refund were investigated and as a result, the examining agent made the calculations shown on Exhibit 3 annexed hereto and made a part hereof. In this report, the plaintiff's adjusted excess-profits net income

was shown as zero, and its excess profits tax liability was shown as zero. The report further showed an overassessment of excess profits tax of $34,875.41. As a result of his calculations, the agent recommended that plaintiff's claim for refund filed on December 10, 1951, be adjusted as follows:

| | | |
|---|---|---|
| Amount claimed | | $23,898.92 |
| Amount allowed, as under: | | |
| Overassessment of Excess Profits Tax | $17,694.48 | |
| Less; Deficiency in Income Tax | 10,034.67 | 7,659.81 |
| Amount to be rejected | | $16,239.11 |

8. The calculations shown in Exhibit 3 reflect an increase in plaintiff's adjusted excess-profits net income to $20,094.-65, the amount which would produce an excess profits tax liability of $17,180.93 and an overassessment of excess profits tax in the amount of $17,694.48, which was determined as the amount refundable under Section 322(b) (2) (B) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 322(b) (2) (B). The calculations also indicate that part of the overassessment, in the amount of $17,180.93, was barred from allowance by the statute of limitations.

9. The plaintiff's income tax liability for the year 1945 was then recalculated, and a deficiency in income tax in the amount of $19,137.97 was computed. The latter amount was then reduced to take into account the portion of the overassessment of excess profits tax determined to be barred by the statute of limitations. In making this adjustment, plaintiff's net income subject to income tax was reduced by $20,094.65, the adjusted excess-profits net income mentioned above. This reduction produced an adjusted income tax liability of $15,656.-28 and a deficiency of $10,034.67 which was determined to be assessable under the provisions of Section 3807 of the Internal Revenue Code of 1939, Revenue Act 1943, § 513(a), 26 U.S.C.A.Int.Rev. Acts.

In November 1952, the Commissioner of Internal Revenue assessed the adjusted deficiency of income tax in the amount of $10,034.67 together with interest thereon in the amount of $3,874.89.

10. The Commissioner issued plaintiff a certificate of overassessment, allowing an overassessment of excess profits tax and interest thereon, in the amount of $20,329.99, comprising $17,694.48 in tax and $2,635.51 in interest. A copy of said certificate of overassessment is attached hereto, marked "Exhibit 4", and made a part hereof.

11. The Commissioner applied $13,-909.56 of the allowed overassessment as a credit against the assessed deficiency in income tax in the amount of $10,034.-67, and the assessed interest thereon in the amount of $3,874.89.

12. Pursuant to plaintiff's claim for refund filed December 10, 1951, the Commissioner refunded to plaintiff the excess of the allowed overassessment in excess profits tax and interest thereon, $20,-329.99, over the assessed deficiency in income tax and interest thereon, $13,-909.56 remitting to plaintiff on/about December 1, 1952 the amount of $6,420.-43, plus the amount of $2,121.77, as being statutory interest on the allowed overassessment of $20,329.99.

13. In the certificate of overassessment, Exhibit 4 hereof, the Commissioner disallowed the overassessment of excess profits tax and interest thereon to the extent of $17,180.93 in tax and $798.-88 in interest or a total of $17,979.81, as being "barred by statute of limitations".

14. Annexed hereto as Exhibit 5 and made a part hereof is a statement showing how the plaintiff has computed the amount which it claims to be refundable; and how the Commissioner of In-

ternal Revenue computed the amount of the overpayment which was refunded to the plaintiff.

15. On February 5, 1953, a statutory notice required by Section 3772(a) (2) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 3772(a) (2), was dispatched to plaintiff by registered mail advising it of the partial disallowance of its refund claims.

### Discussion

In this action plaintiff seeks a refund of an alleged overpayment of federal excess profits tax for the calendar year 1945 in the amount of $8,876.51 and, in addition, plaintiff also claims interest as provided by law.

The case was submitted to the Court upon a stipulation of facts and no evidence, other than the stipulation and accompanying exhibits, was introduced. Therefore, the Court shall base its conclusions upon the facts so stipulated.

■ The first question which the Court must decide is whether, in determining the amount of excess profits tax refundable to plaintiff for the year 1945, the related income tax deficiency and interest for that year should be deducted from the admitted gross overassessment of excess profits tax and the two-year limitation then be applied to the balance, or should the income tax deficiency and interest be deducted after the allowable overassessment of excess profits tax has been determined under Section 322(b) (2) (B) of the Internal Revenue Code of 1939?

Should the taxpayer prevail on the first question, the Court must then decide whether interest on the excess profits tax overpayment should be limited to the payments made during the two-year statutory period or should interest be paid on the entire overassessment even though approximately half of it is barred by the statute of limitations?

The Court's conclusion is that the first question must be resolved in favor of the plaintiff taxpayer.

Section 322(b) (2) (B) of the Internal Revenue Code of 1939 imposes a ceiling on the net recovery of tax available to the taxpayer by limiting the amount of refund to the amount of tax paid during the two-year period immediately preceding the filing of the claim for refund. However, Section 322(b) (2) (B) must be applied with Section 3807 of the Internal Revenue Code of 1939.

The Court agrees with plaintiff's contention that Section 3807 should be applied first in order to determine the net overpayment of excess profits tax. To accomplish this the deficiency in income tax must be deducted from the gross overpayment of excess profits tax. As stated heretofore, Section 322(b) (2) (B) restricts the maximum refund to that amount paid within the two-year limit. Section 3807 implicitly recognizes the interplay which exists between these taxes and several courts have adopted the position that Section 3807 is to be applied before Section 322(b) (2) (B), with its restrictive provisions, is allowed to determine the amount of tax refundable. In Pine Hill Crystal Spring Water Co., Inc. v. United States, D.C., 121 F. Supp. 480, it was held that the income tax deficiency should be applied against the overpayment of excess profits tax and only then should the statute of limitations contained in Section 322(b) (2) (B) be applied to the net overpayment.

In Merrimac Hat Corp. v. Commissioner, 32 T.C. No. 100, Sections 3807 and 322(b) (2) (B) were applied as they were in the Pine Hill case. The Tax Court found that a reasonable interpretation of those sections precluded their application in the manner suggested by the defendant in the instant suit. Accordingly, in this lawsuit the net deficiency in income tax shall first be deducted from the overpayment of excess profits tax to determine the net overpayment of excess profits tax. After applying this formula to our facts we find that the net overpayment of excess profits tax is eight thousand, eight hundred and seventy-six ($8,876.51) dollars and fifty-one cents.

■ Resolution of the question regarding the computation of interest on plaintiff's overpayment of excess profits tax is complicated by defendant's claim for interest on plaintiff's deficiency in income tax. There is no clear-cut precedent to guide the Court in resolving this question, but the method used must produce a logical and equitable result. Plaintiff has suggested that the amount to be used as a base in the computation of interest on the overpayment of excess profits tax be fixed at $17,979.81 which is the amount of overpayment made by plaintiff prior to reduction by the amount of plaintiff's additional deficiency in income tax. As the base for the amount of interest due defendant, plaintiff would use the sum of $9,103.30 which is the total amount of plaintiff's additional income tax deficiency.

The Court believes that this method is a sensible and intelligent approach to the problem. It is closely akin to the method used in the calculation of the net overpayment of excess profits tax and, as there is an absence of legislative direction, it will be the method adopted by this Court.

Section 3771(a) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 3771(a), provides for the allowance of interest upon any overpayment of tax and for the purpose of calculating the amount of interest due plaintiff the starting dates shall be those set forth in Exhibit 1 of the stipulation. Interest shall be computed on the deficiency in income tax from March 15, 1946 until the date of the filing of this Opinion. The amounts of interest and refunds shall be calculated by the parties in accordance with the methods set forth in this Opinion.

### Conclusions of Law

1. Jurisdiction of this action is vested in this Court by virtue of Title 28 United States Court § 1346(a) (1).

2. In determining the net overpayment of excess profits tax in this action, Section 3807 of the Internal Revenue Code of 1939 is to be first applied and the amount of refund due plaintiff shall be determined through the application of Section 322(b) (2) (B) of the Internal Revenue Code of 1939.

3. Plaintiff is entitled to a refund of excess profits tax for the year 1945 in the net amount of $8,876.51.

4. Interest due plaintiff shall be computed on the base amount of $17,979.81 at the rate provided by law and shall commence on the various dates as set forth in Exhibit 1 of the stipulation until the date of the filing of this Opinion.

5. Interest is chargeable against plaintiff on the deficiency in income tax not previously assessed, using as a base the amount of $9,103.30 at the rate provided by law and shall commence from March 15, 1946 until the date of the filing of this Opinion.

Interest shall be computed by the attorneys for the parties and an appropriate Order submitted to this Court within thirty (30) days of the filing of this Opinion.